UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY LAMBERT, ET AL.                                    CIVIL ACTION

VERSUS                                                  NO: 16-2541

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,                             SECTION: "A" (4)
ET AL.

## ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 48)** filed by

Defendant Government Employees Insurance Company ("GEICO"). Plaintiffs Matthew Lambert

and Candace Lambert Lemond (herein after collectively referred to as "Plaintiffs"), on behalf of

the deceased Mary Lambert, oppose the motion (Rec. Doc. 56) and GEICO has replied (Rec.

Doc. 61). This motion, noticed for submission on January 9, 2019, is before the Court on the

briefs without oral argument. Having considered the motion, memoranda of counsel, the

opposition, the reply, the record, and the applicable law, the Court finds that Defendant's **Motion**

**for Partial Summary Judgment (Rec. Doc. 48)** is **GRANTED** for the reasons set forth below.

## I.      Background

On April 15, 2015, while operating a motor vehicle, Mary Lambert ("Lambert") was

struck by another vehicle operated by Servio Rolando Murcia Ortiz ("Ortiz"). (Rec. Doc. 1

Complaint, p. 3). Pursuant to diversity of citizenship, 28 U.S.C. § 1332, subject matter

jurisdiction, Lambert brought the instant suit and named several defendants to recover for

injuries and damages sustained as a result of the motor vehicle accident. (*Id.*). Before her death,

Lambert settled her claims against Imperial Fire and Casualty Company and Allstate Property

and Casualty Insurance Company. (Rec. Doc. 56, p. 2).[1] Lambert, now deceased, is substituted

by Matthew Lambert and Candace Lambert Lemond. (Rec. Doc. 55). The claims that remain

pending against GEICO include payments in accordance with the policy's under-insured

motorist coverage and pursuant to La. Rev. Stat. 22 §§ 1892 and 1973 statutory damages and

attorney's fees for bad faith handling of Lambert's claim. (Rec. Doc. 1 Complaint, p. 8). GEICO

now requests this Court to grant partial summary judgment dismissing Plaintiffs' claims for the

bad faith statutory penalties. (Rec. Doc. 48, p. 1).

## II.    Legal Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the

light most favorable to the non-movant, "show that there is no genuine issue as to any material

fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir.2002) (citing *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine"

if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

(citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the

non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially

shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex

Corp. v. Catrett,* 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific

facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec.

Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986)). Conclusory allegations and denials,

speculation, improbable inferences, unsubstantiated assertions, and legal arguments do not

---

1 The Court notes that all original Defendants are currently marked as "active" on the docket sheet in CM/ECF. If
certain parties have been dismissed, the Court requests that the necessary parties file the necessary motions.
Alternatively, the Court requests the parties indicate where in the record is the dismissal, so the Clerk's Office may
accordingly correct the docket sheet.

adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

## III.    Discussion

GEICO argues that partial summary judgment is proper regarding Plaintiffs' bad faith/unfair trade practice and related breach of contract causes of action. (Rec. Doc. 48-6, p.1) GEICO argues that (1) under the terms of the policy, Texas law applies; (2) under Louisiana choice-of-law codified provisions, Texas law applies to the policy; and (3) under Texas law, Plaintiffs' claims of breach of contract and statutory bad faith and/or unfair trade practices should be dismissed, with prejudice, at Plaintiffs' costs. In the alternative, GEICO argues that Plaintiffs cannot be successful in accordance with Louisiana law because there is a reasonable and legitimate question as to the extent of the liability. (*Id.* at 12).

Plaintiffs respond that the Texas and Louisiana uninsured motorist provisions are virtually identical, and both of these sets of laws provide a claim for bad faith practices including sanctions and attorney's fees. (Rec. Doc. 56, p. 2). Plaintiffs also argue that the Texas Rules of Civil Procedure are not applicable because jurisdiction in this case is based on diversity of citizenship. (Rec. Doc. 56, p. 3).

### A.   Choice-of-Law

In a diversity action, federal courts are bound to apply the forum state's substantive law. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). Where a choice of law issue is involved, we apply the forum state's choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *Kuchenig v. California Co.*, 410 F.2d 222, 224 (5th Cir.1969). Accordingly, this Court must determine whether the Louisiana courts would enforce the parties' choice of Texas law to govern their contract and related breach of contract claims.

Louisiana's choice-of-law provisions are codified in Book IV of the Louisiana Civil Code. Louisiana Civil Code Article 3540 titled "Party autonomy" states the general rule that parties may choose which state's law will govern disputes arising out of the contract. It provides:

> All other issues of conventional obligations are governed by the law expressly chosen or clearly relied upon by the parties, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537.

Louisiana Civil Code Article 3537 provides the general rule applicable to all conventional obligations:

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

Louisiana Civil Code Article 3515 provides the general and residual choice-of-law rule applicable to all cases. Article 3515 provides:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Here, the parties clearly and unequivocally agreed that Texas law would apply to the terms of the contract. The policy provides a "Choice of Law" clause which states, "The policy

and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of Texas." (Rec. Doc. 48-3, p. 25). According to Article 3540, Texas law must apply as provided for in the "Choice of Law" clause "except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537." For Louisiana law to apply, it would need to "otherwise be applicable."

In order to determine whether Louisiana's law would govern under a normal choice-of-law analysis, this Court must apply the policies enumerated in Articles 3515 and 3537. *Cherokee Pump & Equipment Inc. v. Aurora Pump,* 38 F.3d 246, 251-252 (5th Cir. 1994). The two parties, Lambert and GEICO, negotiated the insurance contract in Texas. (Rec. Doc. 48-3, p. 2). The location of the object of the contract, Lambert's vehicles, were registered and garaged in Texas. (*Id.*). At the time of the accident and at the time of contracting with GEICO, Lambert was a citizen of Texas. (Rec. Doc. 1 Complaint, p. 1). GEICO was at the time of the accident, at the time of contracting with Lambert, and still is a corporation organized under the laws of Maryland. (*Id.* at 1). The only fact connecting this contract to Louisiana is that the accident occurred in Louisiana and the uninsured motorist was a Louisiana citizen. Texas has an interest in protecting its citizens such as Lambert from uninsured motorists. Texas has an interest in regulating the insurance contracts and obligations that are negotiated and formed within its borders. The application of Louisiana law to the insurance policy would result in the abrogation of a foreign state's contract. *Champagne v. Ward*, 893 So.2d 773, 789 (La. 2005). The Court concludes that Louisiana is not a state in which its laws would otherwise be applicable under Article 3537 or Article 3515. There is no genuine issue of material fact; Texas law governs the conventional obligations between GEICO and Lambert, via the Plaintiffs.

**B. Substantive Application of Texas Law**

GEICO argues that under Texas Law, GEICO does not have a contractual duty to pay uninsured motorist benefits until Plaintiffs obtain and produce a judgment establishing the liability and uninsured status of the operator of the other vehicle, Ortiz. (Rec. Doc. 48-6, p. 9). GEICO contends that in this Court's application of Texas law, Plaintiffs' claims for statutory bad faith and unfair trade practices pursuant to La. R.S. 22:1892 and 22:1973 are inapplicable. (*Id.*). Plaintiffs respond by asserting that Texas law is inapplicable. (Rec. Doc. 56, p. 3).

As explained above, this Court will apply Texas substantive law to interpret the policy and any bad faith claims arising therefrom. Expressly provided in the insurance contract, Lambert's uninsured motorist coverage requires GEICO to "pay damages which a covered person is ***legally entitled to recover*** from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident." (Rec. Doc. 48-3, p. 20). The Texas Supreme Court has interpreted "legally entitled to recover" to hold that an insurer is under "no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and [uninsured] status of the other motorist." *Brainard v. Trinity Universal Ins. Co*., 216 S.W.3d 809, 818 (Tex. 2006). The court explained:

> The [UM/UIM] contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party. Unlike many first-party insurance contracts, in which the policy alone dictates coverage, UIM insurance utilizes tort law to determine coverage. Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined.

*Id.* Also, "neither a settlement nor an admission of liability from the tortfeasor establishes UIM coverage, because a jury could find that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance." *Id.*

GEICO asserts that the liability of the uninsured motorist, Ortiz, remains disputed, and the underinsured status of Ortiz must be proven in relation to Lambert's alleged damages via a

judgment. (Rec. Doc. 48-6, p. 12). Plaintiffs contend that Ortiz made an admission against interest when he admitted that he failed to stop at the stop sign. (Rec. Doc. 56, p. 4). GEICO responds that in fact Ortiz adamantly denies fault for the accident. (Rec. Doc. 61, p. 5).

The parties dispute as to whether there is an admission of fault on behalf of Ortiz. According to his deposition, Ortiz does not believe he was at fault in the cause of the accident. (Rec. Doc. 48-4, p. 34). Regardless, the Court concludes that pursuant to Texas jurisprudence, neither a settlement nor admission of liability entitles Plaintiffs bad faith damages and attorney's fees. It is clear that Plaintiffs do not have a judgment establishing the liability and uninsured status of Ortiz. A judgment is a threshold requirement to recover for bad faith claims and unfair trade dealing under Texas law. The issue on whether Plaintiffs are entitled to recover for GEICO's bad faith mishandling of Lambert's claim is not ripe. As such there exists no genuine issue of material fact, and GEICO's motion for partial summary judgment is granted.

## IV.   Conclusion

Accordingly,

IT IS ORDERED that Defendant's **Motion for Partial Summary Judgment (Rec. Doc. 54)** is **GRANTED**.

February 19, 2019

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE